# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GARNER PROPERTIES
& MANAGEMENT, LLC,

      Plaintiff,

vs.

CITY OF INKSTER, MCKENNA
ASSOCIATES, INC. & JIM WRIGHT,

      Defendants.

Case No. 2:17-cv-13960
Hon. Paul D. Borman
Mag. R. Steven Whalen

---

| | |
|---|---|
| The Law Offices of Aaron D. Cox, PLLC<br>Aaron D. Cox (P69346)<br>Co-Counsel for Plaintiff<br>23380 Goddard Rd.<br>Taylor, MI 48180<br>(734) 287-3664<br>aaron@aaroncoxlaw.com | ALLEN BROTHERS, PLLC<br>David W. Jones (P57103)<br>Neil B. Pioch (P67677)<br>Attorneys for Defendant, City of Inkster<br>400 Monroe, Suite 620<br>Detroit, MI 48226<br>(313) 962-7777<br>djones@allenbrotherspllc.com<br>neilpioch@allenbrothersplls.com |
| MARK K. WASVARY, P.C.<br>Mark K. Wasvary (P51575)<br>Co-Counsel for Plaintiff<br>2401 W. Big Beaver Rd., Ste 100<br>Troy, MI 48084<br>(248) 649-5667<br>markwasvary@hotmail.com | DICKIE, MCCAMEY & CHILCOTE, P.C.<br><br>Kevin G. Thomas (P77794)<br>Attorney for Defendants, McKenna Associates and Jim Wright<br>89 Kercheval Ave, Ste 200<br>Grosse Pointe Farms, MI  48236<br>313-308-2040<br>kthomas@dmclaw.com |

# PLAINTIFF'S UNOPPOSED BRIEF IN SUPPORT
# OF FINAL APPROVAL OF SETTLEMENT

## **TABLE OF CONTENTS**

INDEX OF AUTHORITIES.................................................................. iii

INDEX OF EXHIBITS.........................................................................v

STATEMENT OF THE ISSUES....................................................... vi

CONTROLLING AUTHORITY ....................................................... vii

INTRODUCTION .................................................................................1

    I.     Preliminary approval and dissemination of notice...............................1

    II.    Background and summary of settlement...............................................2

    III.   The Settlement Class was notified about the settlement......................6

ARGUMENT .........................................................................................8

    I.     The Court should approve the Settlement...........................................8

        A.    Standard for judicial evaluation and approval. ...........................8

        B.    Factors to be considered in determining whether a settlement is fair, reasonable, and adequate................................9

        1.     The risk of fraud or collusion.......................................................9

        2.     The complexity, expense and likely duration of the litigation. .................................................................................10

        3.     The amount of discovery. ........................................................10

        4.     Likelihood of success on the merits..........................................11

        5.     Opinion of Class Counsel and Class Representative...............11

        6.     The reaction of absent class members. ....................................12

        7.     The public interest.....................................................................13

CONCLUSION..................................................................................14

CERTIFICATE OF SERVICE ...........................................................15

# INDEX OF AUTHORITIES

## Cases

*Blum v. Stenson*, 465 U.S. 886 (1984) ..................................................... vii

*Boeing Co. v. Van Gemert,* 444 U.S. 472 (1980) .................................... vii

*Brent v. Midland Funding, LLC,* 2011 WL 3862363 at *12 (N.D. Ohio 2011) ........ 9

*Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977) ......................... 10

*Hispanics United of DuPage County v. Village of Addison, Illinois*, 988 F. Supp. 1130, 1169 (N.D. Ill. 1997) ........................................................ 13

*In re Austrian and German Bank Holocaust Litig.*, 80 F.Supp.2d 163, 175 (S.D.N.Y. 2000) ......................................................................... 13

*In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 315 (N.D. Ga. 1993) ..................................................................................... 10

*In re Mexico Money Transfer Litig.*, 164 F. Supp. 2d 1002, 1020-21 (N.D. Ill. 2001) ................................................................................ 12

*In re SmithKline Beecham Corp. Sec. Litig.*, 751 F. Supp. 525, 530 (E.D. Pa. 1990) ..................................................................................... 12

*Int'l Union, United Auto, Aerospace and Implement Workers of America v. General Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007) ...................... vii, 8, 9

*Int'l Union, United Auto., Aerospace, and Agr. Implement Workers of America v. Gen. Motors Corp.,* 497 F.3d 615, 632 (6th Cir. 2007) ..................... 13

*Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996) ..................................... 8

*Maher v. Zapata Corp.*, 714 F.2d 436, 450-453 (5th Cir. 1983) ................. 6

*Mangone v. First USA Bank*, 206 F.R.D. 222 (S.D. Ill. Feb. 2, 2001) .......... 12

*Ramey v. Cincinnati Enquirer, Inc.,* 508 F.2d 1188, 1196 (6th Cir. 1974) ........... vii

*Retsky Family Ltd. Partnership v. Price Waterhouse LLP*, No. 97 C 7694, 2001 WL 1568856, * 2 (N.D. Ill. Dec. 10, 2001) ................................... 9

*Schlensky v. Dorsey*, 574 F.2d 131, 148 (3d Cir. 1978) .......................... 12

*Stanspec Corp. v. Jelco, Inc.*, 464 F.2d 1184, 1187 (10th Cir. 1972) ...................... 8

*Walsh v. Great Atlantic & Pacific Tea Co.*, 726 F.2d 956, 963 (3d Cir. 1983) ........ 6

*Whitford v. First Nationwide Bank*, 147 F.R.D. 135, 141 (W.D. Ky. 1992) ........... 13

**Rules**

Rule 23(c)(3) ................................................................................................... 7

Rule 23(c)(2)(B) .............................................................................................. 7

Rule 23(e)(1) ................................................................................................... 6

Fed.R.Civ.P. 23(e)(1)(C) ................................................................................ 8

**Treatises**

7B Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1797.6
   (3d ed. 2005) ............................................................................................... 7

Manual for Complex Litigation, Third, § 30.42 (1995) ............................... 8

## INDEX OF EXHIBITS

Proposed Final Order ................................................................................A

Declaration of Dorothy Sue Merryman ....................................................B

Affidavit of Mark K. Wasvary ..................................................................C

## STATEMENT OF THE ISSUES

1.  Whether the Settlement Agreement is fair, reasonable, and adequate to the class members.

# CONTROLLING AUTHORITY

- Federal Rule of Civil Procedure 23

- *Int'l Union, United Auto, Aerospace and Implement Workers of America v. General Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007)

- *Ramey v. Cincinnati Enquirer, Inc.,* 508 F.2d 1188, 1196 (6th Cir. 1974)

- *Boeing Co. v. Van Gemert,* 444 U.S. 472 (1980)

- *Blum v. Stenson*, 465 U.S. 886 (1984)

Plaintiff, Garner Properties & Management, LLC ("Plaintiff"), on behalf of itself and the settlement class of similarly-situated persons or entities (collectively "Settlement Class" or "Class"), requests that the Court enter an order finally approving the parties' Settlement Agreement ("Settlement" or "Agreement.")

## INTRODUCTION

Following mediation, the parties settled the lawsuit which was preliminarily approved by this Court (**Dkt #51**).  Following preliminary approval, notices were mailed to the 4,185 Class Members.  There was only one request for exclusion from the Class.  There were no objections.

Further, notice was sent to the U.S. Attorney and Michigan state attorney general and neither of them objected.[1] Because the Settlement is fair, reasonable, and adequate, the Court should grant final approval to it. The proposed order is submitted with this brief as **Exhibit A**.

## I.   Preliminary approval and dissemination of notice.

On January 17, 2020, after consideration of the Settlement Agreement and plan of notice, the Court entered an order preliminarily approving the Settlement and approving the class notice ("Preliminary Approval Order.") **Dkt 51**. In accordance with that Order, the Class Notice and Claim Form was mailed to the last known

---

[1]The notice was also sent to multiple other state attorney generals whose constituents may be class members.

1

address of Class members. (see Declaration of Dorothy Sue Merryman, **Exhibit B**). The Notice and Claim Form were also posted on Class Counsel's website. No members of the Class objected and one request to be excluded was received. Affidavit of Mark K. Wasvary. **Exhibit C.**

## II. Background and summary of settlement.

Plaintiff filed a Class Action Complaint on December 7, 2017 and Amended Class Action Complaint on August 23, 2018. Plaintiff, Garner Properties & Management, LLC ("Plaintiff") has alleged that Defendants violated certain due process rights related to the administration of Inkster's Building Regulations Code and its adoption of the International Property Maintenance Code. Garner Properties & Management is the only representative Plaintiff. The claims of Plaintiffs Christopher L. Garner and Olivia Hemaratanatorn have been resolved.

Defendants denied liability to Plaintiff and the other Class members on a variety of legal and factual grounds. Based on discovery, Plaintiff has determined that approximately 8,000 registered residential rental properties are subject to Inkster's Property Maintenance Code that forms the subject matter of this litigation.

Following telephone and face-to-face settlement negotiations the parties negotiated a formal, written settlement agreement, proposed court orders, and proposed notice to the absent class members and have submitted that Agreement to the Court.

Without admitting or conceding fault or liability, Defendants have agreed to settle the claims by making $130,000.00 available to fund the Settlement ("Settlement Fund"). The Settlement Fund will be available to pay Class member claims, to pay an incentive award to Plaintiff for serving as the Class Representative, and to pay fees and out-of-pocket litigation expenses to Class Counsel.

The Settlement was negotiated among the Parties, through counsel, in good faith, and at arm's-length. It will resolve this suit entirely.

The key terms of the Agreement are as follows:

a.  <u>Certification of a Settlement Class</u>. Pursuant to the Agreement, the Court has preliminarily certified a Rule 23 (b) (3) "Settlement Class" defined as:

> <u>Class</u>: All persons or entities that paid any registration or inspection fee to the City of Inkster under the City's Rental Dwellings or Rental Units section of its Building Regulations Code from December 7, 2014 through the date of the Order Preliminarily Approving the Settlement and Settlement Class.

The Settlement Class excludes commercial certificates of compliance. Also excluded from the Settlement Class are Defendants, including any of their parents, subsidiaries and affiliates, as well as their officers and directors.

(**Dkt 51**).[2]

b.      The Class Representative and Class Counsel. The Court has appointed Plaintiff as the Class Representative and Plaintiff's attorneys (Aaron D. Cox of Aaron D. Cox, PLLC and Mark K. Wasvary of Mark K. Wasvary, P.C.) as Class Counsel for the Settlement Class. *Id.*

c.      Monetary Relief to the Members of the Settlement Class. Defendants, have agreed to make available a total of $130,000.00 (the "Settlement Fund") to pay valid class member claims, to pay an incentive payment to Plaintiff, to pay attorney's fees and reasonable litigation expenses, not limited to costs, to Class Counsel as approved by the Court. Any money left in the Settlement Fund after payments to claiming class members, to the Class Representative, and to Class Counsel would revert to and be kept by Defendant City of Inkster. **Dkt. 48-1 at ¶ 15.**

d.      Equitable Relief. In addition to monetary relief, this lawsuit is the catalyst for a change in the way in which Inkster implements the Rental

---

[2] Counsel has noticed a discrepancy between the class definition and exclusions at page 6 of the Opinion and Order for Preliminary Approval and page 30. (Dkt 51, Pg. ID 768 and 792 respectively). The definition at Pg. ID 768 is the one identified multiple times in the approved Settlement Agreement and attachments (See Dkt 48-1, Pg. ID 725, Pg. ID 748 and Pg. ID 754), That is the definition in the class notice. Notably, the agreed upon definition includes "persons or entities." The Plaintiff herein is an entity. The discrepancy could be the result of an older version of the proposed Preliminary Order uploaded in utilities by counsel following the hearing on January 17, 2020.

Dwellings and Rental Units section of its Building Regulations Code and its inspections of residential rental property. The Settlement Agreement requires that if an inspection of rental property is refused, the City of Inkster shall seek an administrative warrant for such inspection. **Dkt 48-1,** ¶12.

       e.     <u>Class Notice</u>. The parties notified the Settlement Class about the settlement by direct mailing, **Exhibit B**. The notice included instructions about objecting or submitting a claim form by fax or mail to the Claims Administrator, and includes Class Counsel's direct dial telephone number for people to call with questions. **Dkt. 48-1 ¶ 8** and Exhibit B thereto.

       f.     <u>Claims</u>. The class notice included a simple, one-page claim form for submitting claims for cash payments. *Id*. The claim form submitted by each class member must be signed and affirm that the person or entity had a registered residential rental property in the City of Inkster during the Class Period. A class member submitting a timely and valid Claim Form will receive a cash payment of the lesser of $100.00 for each registered residential rental property or a *pro rata* share of the Settlement Fund after the other payments required by the Agreement. The claimant must merely identify himself or herself as a member of the Settlement Class during the Class period which may be verified by Inkster's records.  **Dkt. 48-1, ¶ 9**.

g.  <u>Release</u>. In consideration of the relief provided by the Settlement, the Settlement Class will release all claims that were brought or could have been brought, as defined in the Agreement, in this action against Defendants and the other released parties that arise out of any registration or inspection fees paid  or due process claims stemming from Defendants' administration of the City of Inkster's Rental Dwelling and Rental Units section of the Building Regulation Code during the Class Period. *Id.*, ¶ 17.

h.  <u>Attorney's Fees and Costs and Class Representative Award</u>. Class Counsel requests, and Defendants do not oppose, an award of attorney's fees equal to 33 1/3% of the Settlement Fund ($43,333.33), plus reasonable out-of-pocket expenses. Class Counsel requests, and Defendants do not oppose, an award of $1,000.00 to Plaintiff Garner Properties & Management, LLC for serving as the Class Representative.

## III. The Settlement Class was notified about the settlement.

Rule 23(e)(1) requires, "The court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Under federal law, notice of the settlement must satisfy due process. *Maher v. Zapata Corp.*, 714 F.2d 436, 450-453 (5th Cir. 1983); *Walsh v. Great Atlantic & Pacific Tea Co.*, 726 F.2d 956, 963 (3d Cir. 1983). The Court is vested with wide discretion both as to the manner in which notice is given and the form that notice is to take. 7B Charles Alan

Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1797.6 (3d ed. 2005). Here, in compliance with the Court's Orders, Plaintiff caused the notice to be mailed. **Exhibit B**.

In this case, notice by mailing is the best practicable notice available. The Notice was mailed to Class members at their last known mailing address obtained from Inkster's records. The Court was correct in ordering notice by mailing. This method of notice comports with the due process obligations under Rule 23 and is the best method of notice available. This allowed for maximum reach to the class members.

Moreover, the content of the parties' Notices complied with Rule 23(c)(2)(B), which requires that the notice "must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion ; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." The class notice stated all of those things. **Dkt. 48-1, Exhibit B** thereto.

Further, the Claim form at issue here was an easy to read and understand 1-page form. *Id.* Each Settlement Class Member merely had to provide their contact

information and then verify having a registered residential rental property during the class period. *Id.* The Settlement Class members did not have to provide any documentation.

## ARGUMENT

I.     **The Court should approve the Settlement.**

A.     **Standard for judicial evaluation and approval.**

A court should approve a settlement if the settlement "is fair, reasonable, and adequate." Fed.R.Civ.P. 23(e)(1)(C); *Int'l Union, United Auto, Aerospace and Implement Workers of America v. General Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007). It is well-established that there is an overriding public interest in settling and quieting litigation, and this is particularly true in class actions. *See Isby v. Bayh,* 75 F.3d 1191, 1196 (7th Cir. 1996) ("Federal courts naturally favor the settlement of class action litigation."). "[A] presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." Manual for Complex Litigation, Third, § 30.42 (1995). *See also Stanspec Corp. v. Jelco, Inc.,* 464 F.2d 1184, 1187 (10th Cir. 1972) ("The law actively encourages compromise and settlement of disputes.").

**B.     Factors to be considered in determining whether a settlement is fair, reasonable, and adequate.**

Courts typically consider the following factors in evaluating a class action settlement: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *Brent v. Midland Funding, LLC,* 2011 WL 3862363 at *12 (N.D. Ohio 2011), *citing Int'l Union,* 497 F.3d at 632. Here, these factors show the settlement should be approved.

**1.     The risk of fraud or collusion.**

"Settlement negotiations that are conducted at arm's length and in good faith demonstrate that a settlement is not the product of collusion." *Retsky Family Ltd. Partnership v. Price Waterhouse LLP*, No. 97 C 7694, 2001 WL 1568856, * 2 (N.D. Ill. Dec. 10, 2001) (Darrah, J.). Here, the settlement record proves that the Settlement is not the product of collusion. Settlement was reached only after discovery on the merits. The Settlement was the result of arms-length negotiations between experienced counsel with an understanding of the strengths and weaknesses of their respective positions. Therefore, there is no indication that this Settlement was the product of collusion.

## 2. The complexity, expense and likely duration of the litigation.

Class actions have a well-deserved reputation for complexity. *In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 315 (N.D. Ga. 1993) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). There is no exception here. Had the case proceeded, Defendants would have contested class certification and the merits based upon governmental immunity among other defenses.

Defendants filed Motions to Dismiss (**Dkt 20 for Inkster and Dkt 18 for McKenna and Wright**). The Court granted some of the requested relief (**Dkt 32**). Defendants have agreed to avoid the risks and costs of further litigation by making the Settlement Fund available to the Class. This Settlement permits the Class to obtain cash payments from the Settlement Fund without the risks and costs of further litigation.

## 3. The amount of discovery.

The parties engaged in formal discovery in this case sufficient for the Parties to be aware of the relevant facts and issues present here, which allowed them to make an informed decision prior to agreeing to the settlement terms. Therefore, the stage of proceedings and amount of discovery supports final approval. The members of the Class were notified in the best practicable manner; direct mailing. The Parties

have compiled necessary discovery and exchanged documents and data sufficient for Plaintiff and its attorneys to evaluate the strength of this case.

### 4.    Likelihood of success on the merits.

Due to the risks and expenses involved in litigating this action and the lofty costs of pursing an inevitable appeal, reaching this Settlement is a fair, reasonable, and adequate result for the Class. Every class member can recover damages (or a pro rata share) by submitting a simple one-page claim form. Therefore, this Settlement is an excellent result when comparing the strength of the case to the settlement amount.

### 5.    Opinion of Class Counsel and Class Representative.

Plaintiff and its counsel have concluded that the terms and conditions of this Settlement are fair, reasonable, adequate, and in the best interests of the Class as a means of resolving this litigation. Class Counsel have substantial experience litigating class actions.

With respect to adequacy of counsel, Mark K. Wasvary and Aaron D. Cox have been certified as class counsel in multiple lawsuits against municipalities where restitution was sought and received for the Class.[3]

---

[3]Mark K. Wasvary has been certified as class counsel in the following lawsuits in the United Stated District Court for the Eastern District of Michigan: *Village Center Associates, et.al. v City of Detroit,* USDC Case No. 07-12963, *Lola Valley Terrace Association v Charter Township of Redford,* USDC Case No. 09-11238, *Lanson Development Company LLC v City of Dearborn,* USDC Case No. 09-13956,

Under these circumstances, the Court should give weight to Class Counsel's opinions about the settlement.

### 6.    The reaction of absent class members.

A low rate of opt-outs or opposition reflect favorably on a settlement. *In re Mexico Money Transfer Litig.*, 164 F. Supp. 2d 1002, 1020-21 (N.D. Ill. 2001) (high acceptance rate "is strong circumstantial evidence in favor of the settlements"). Here, the Class members overwhelmingly support the settlement. This is evidenced by the fact that no Class member objected to the settlement and only 1 request for exclusion was received. *See Mangone v. First USA Bank*, 206 F.R.D. 222 (S.D. Ill. Feb. 2, 2001) (low opt-out and objection statistic showed that approximately 99.99% of the class elected to take part in the settlement); *Schlensky v. Dorsey*, 574 F.2d 131, 148 (3d Cir. 1978); *In re SmithKline Beecham Corp. Sec. Litig.*, 751 F. Supp. 525, 530 (E.D. Pa. 1990); *Hispanics United of DuPage County v. Village of Addison,*

---

*Eghigian v Fifth Third Bank,* USDC Case No. 07-14406, *Garner, et.al. v City of Roseville, et.al,* USDC Case No. 16-10760, *Garner Properties & Management, LLC v Township of Redford,* USDC Case No. 16-14100, *Garner v City of Taylor,* USDC Case No. 16-cv-13374, *NILI 2011, et.al. v City of Warren,* USDC Case No. 15-13392. Mark K. Wasvary has also been certified in the Wayne County Circuit Court in the matter of *Woodside Square Limited Partnership v City of Romulus,* Case No. 09-019233-CZ and the Oakland Circuit Court in the matter of *Kelly, et.al. v Birmingham Public Schools,* Case No. 12-130333-CZ. Aaron D. Cox has been certified as class counsel in the following lawsuits: *Garner Properties & Management, LLC v Township of Redford,* USDC Case No. 15-14100, *Garner, et.al. v City of Roseville,* USDC Case No. 16-10760, *Garner v City of Taylor,* USDC Case No. 16-cv-13374 and *NILI 2011, et.al. v City of Warren,* USDC Case No. 15-13392.

*Illinois*, 988 F. Supp. 1130, 1169 (N.D. Ill. 1997) (settlement fair where only a small number of class members objected); *In re Austrian and German Bank Holocaust Litig.*, 80 F.Supp.2d 163, 175 (S.D.N.Y. 2000) (a small number of objectors is "indicative of the adequacy of the settlement"); *Whitford v. First Nationwide Bank*, 147 F.R.D. 135, 141 (W.D. Ky. 1992) ("small number of objectors is a good indication of the fairness of the settlement").

Pursuant to the Preliminary Approval Order, the Claims Administrator received a total of 287 timely responses for the Class, representing 703 properties. (**Exhibit B**). Those claims will be matched up to Defendant's records to determine validity for payment. Based on the amount available in the Settlement Fund, Class Members will each receive the maximum available payment of $100.00 per registered rental property. A relatively small amount will be left over for reversion to Defendant Inkster.

### 7.   The public interest.

Courts have held that a settlement of class action litigation serves the public interest. *Int'l Union, United Auto., Aerospace, and Agr. Implement Workers of America v. Gen. Motors Corp.,* 497 F.3d 615, 632 (6th Cir. 2007). Based upon the foregoing, as well as upon the judgment of experienced class counsel, Plaintiff requests that the Court approve the proposed Settlement.

## CONCLUSION

The Court should approve the Settlement as fair, reasonable, and adequate and in the best interests of the settling parties and the Class.

Respectfully submitted,

MARK K. WASVARY, P.C.

/s/ Mark K. Wasvary
MARK K. WASVARY (P51575)
2401 W. Big Beaver Rd., Ste 100
Troy, MI 48084
Telephone: 248-649-5667
markwasvary@hotmail.com

Dated: May 28, 2020

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that, on May 28, 2020 he caused the foregoing to be filed using the Court's CM/ECF system, which automatically serves a copy on all counsel of record.

/s/ Mark K. Wasvary
MARK K. WASVARY (P51575)