UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| GARNER PROPERTIES & MANAGEMENT, LLC, CHRISTOPHER GARNER and OLIVIA HEMARATANATORN<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF INKSTER, GINA TRIPLETT, MCKENNA ASSOCIATES, INC. and JIM WRIGHT,<br><br>Defendants.<br>_____/ | Case No. 17-cv-13960<br><br>Paul D. Borman<br>United States District Judge |

## **FINAL APPROVAL ORDER AND JUDGMENT**

This matter coming before the Court for hearing using Zoom videoconference technology on August 13, 2020, on the request for final approval of the class action settlement by Plaintiff Garner Properties & Management, LLC ("Plaintiff") and the City of Inkster, *et al.* ("Defendants"), due notice given, the parties appearing through counsel, and for the reasons stated more fully in this Court's Opinion and Order: (1) Granting Plaintiff's Unopposed Motion in Support of Final Approval of Settlement (ECF No. 57) and (2) Granting Plaintiff's Unopposed Motion in Support of

1

Attorney's Fees, Costs and Incentive Fee (ECF No. 55), filed separately this day in support of this *Judgment*,

  IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

  1. This Court has jurisdiction over the parties, the members of the Settlement Class, and the claims asserted in this lawsuit.

  2. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the settlement of this action, as embodied in the terms of the Settlement Agreement, is hereby approved as a fair, reasonable and adequate settlement of this case in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by this case.

  3. The Settlement Class is defined as follows:

> Class:  All persons or entities that paid any registration or inspection fee to the City of Inkster under the City's Rental Dwellings or Rental Units section of its Building Regulations Code from December 7, 2014 through the date of the Order Preliminarily Approving the Settlement and Settlement Class.

The Settlement Class excludes commercial certificates of compliance.  Also excluded from the Settlement Class are Defendants, including any of their parents, subsidiaries and affiliates, as well as their officers and directors.  In the event the settlement contemplated under this Agreement does not receive final approval from

the Court, the fact that the Parties stipulated to a settlement class shall not be used by any Party either in support or opposition of class certification in the Lawsuit.

4. The Court finds that the Settlement Agreement has been entered into in good faith following arm's-length negotiations.

5. Upon the Declaration of Dorothy Sue Merryman, the Court finds that the notice provided to the Settlement Class Members was the best notice practicable under the circumstances and it satisfied the requirements of due process and Federal Rule 23(e)(1).

6. Upon the submission of Neil B. Pioch and Kevin G. Thomas (ECF No. 52), the Court finds that notice has been given to the appropriate State and Federal officials in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715.

7. Zero objections were received.

8. The Parties received one valid request to be excluded from the settlement from Allen and Katherine Strong. Allen and Katherine Strong are hereby excluded from the Settlement Class.

9. After due consideration of, among other things, the uncertainty about the likelihood of: (a) the Class's ultimate success on the merits; (b) the range of the Class's possible recovery given Defendant's ability to pay; (c) the complexity, expense and duration of the litigation; (d) the substance and amount of opposition to

3

the settlement; (e) the state of proceedings at which the settlement was achieved; (f) all written submissions, declarations and arguments of counsel; and (g) after notice and hearing, this Court finds that the settlement is fair, adequate and reasonable. This Court also finds that the financial settlement terms fall within the range of settlement terms that would be considered fair, adequate and reasonable. Accordingly, this Settlement Agreement should be and is APPROVED and shall govern all issues regarding the settlement and all rights of the Parties including the Class Members.  Each Class Member (including any person or entity claiming by or through him, her or it, but except those persons identified above who have previously excluded themselves from the Settlement Class) shall be bound by the Settlement Agreement, including being subject to the Releases set forth in the Settlement Agreement.

10. Defendants have created a settlement fund (the "Settlement Fund") of $130,000.00 ($100,000.00 from the City of Inkster and $30,000.00 from McKenna Associates, Inc. and Jim Wright) to pay valid class member claims, class action settlement administration costs, attorney's fees, costs, and expenses, and an incentive award to Plaintiff as determined and awarded by this Court.  Unclaimed monies in the Settlement Fund shall revert back to the City of Inkster.

11. As agreed in and subject to the Settlement Agreement, each member of the Settlement Class who or which submits a timely and valid Claim Form will be mailed a check for their *pro rata* share of the Settlement Fund up to $100.00 per registered rental property. The Claims Administrator will cause those checks to be mailed after receiving the Settlement Funds. Checks issued to the claiming Settlement Class Members will be void 181 days after issuance. Any money not paid out from the Settlement Fund shall revert back to the City of Inkster.

12. As agreed between the Parties, the Court approves Class Counsel's attorneys' fees in the total amount of $43,333.33 plus out-of-pocket expenses in the amount of $9,722.51. Those amounts shall be paid from the Settlement Fund when the Final Approval Order becomes final as those terms are defined in the Settlement Agreement.

13. The Court approves a $1,000.00 incentive award to Garner Properties & Management, LLC for serving as the Class Representative. In accordance with the Settlement Agreement, that amount shall be paid from the Settlement Fund when the Final Approval Order becomes final as those terms are defined in the Settlement Agreement.

14. The Court expressly adopts and incorporates herein all of the terms of the Settlement Agreement. The Parties to the Settlement Agreement shall carry out their respective obligations under that Agreement.

15. This action, including all claims against Defendants asserted in this lawsuit, or which could have been asserted in this lawsuit, by or on behalf of Plaintiff and all Settlement Class Members against Defendants are hereby dismissed with prejudice and without taxable costs to any Party.

16. All claims or causes of action of any kind by any Settlement Class member or anyone claiming by or through him, her or it brought in this Court or any other forum (other than those by persons who have opted out of this action) are barred pursuant to the Releases set forth in the Settlement Agreement. All persons and entities are enjoined from asserting any claims that are being settled or released herein, either directly or indirectly, against Defendants, in this Court or any other court or forum.

17. If (a) the Settlement Agreement is terminated pursuant to its terms, or (b) the Settlement Agreement or Final Approval Order and Judgment do not for any reason become effective, or (c) the Settlement Agreement or Final Approval Order and Judgment are reversed, vacated or modified in any material or substantive respect, then any and all orders entered pursuant to the Settlement Agreement shall

be deemed vacated. If the settlement does not become final in accordance with the terms of the Settlement Agreement, this Final Approval Order and Judgment shall be void and deemed vacated.

18. The Court retains jurisdiction for 180 days over this action, Plaintiff and all members of the Settlement Class and Defendants, to determine all matters relating in any way to this Final Order and Judgment, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to, their administration, implementation, interpretation or enforcement. The Court further retains jurisdiction to enforce this Order and the Settlement Agreement.

19. The Stipulated Order for Preliminary Injunction, entered by the Court on April 2, 2018 (ECF No. 27), is hereby terminated.

20. The Court finds that there is no just reason to delay the enforcement of this Final Approval Order and Judgment.

IT IS SO ORDERED.


Dated: August 14, 2020        s/Paul D. Borman
                              Paul D. Borman
                              United States District Judge